Jerry D. FRANKLIN v. Edna Mae GRIFFITH, ADM'X of the Estate of Asa J. GRIFFITH, deceased, and Keitha Jean WILLIAMSON, ADM'X of the Estate of Sammy Joe WILLIAMSON, deceased

83-311                                                      668 S.W.2d 518

Supreme Court of Arkansas
Opinion delivered April 30, 1984
[Rehearing denied May 29, 1984.]

*Laser, Sharp & Huckabay, P. A.,* for appellant.

*Honey & Rodgers; Young, Patton & Folsom;* and *Shackleford, Shackleford & Phillips, P. A.,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Jerry D. Franklin, brings this interlocutory appeal pursuant to Ark. Stat. Ann. § 27-2102 (Repl. 1979) from an order

appointing a receiver to prosecute on his behalf a cause of action against his insurer, Western Preferred Casualty Company (hereinafter Western). The alleged cause of action arose as a result of Western's wrongful refusal to settle a claim under an automobile liability insurance policy. Franklin contends on appeal that the trial court erred in finding a basis for personal jurisdiction over him in the appointment of a receiver. We agree.

The appellees obtained judgments totalling over $1,000,000.00 against Franklin as a result of a motor vehicle accident in which the husbands of the appellees were killed. Franklin was insured by Western with policy limits of $100,000.00 per person. Appellees had offered to settle their claims within the policy limits, but Western refused, giving rise to the cause of action of failure to settle within the policy limits. The automobile accident occurred in Arkansas, but Franklin was and has remained at all times a resident of Louisiana.

Appellant argues that personal jurisdiction cannot be gained through Arkansas' long-arm statute (Ark. Stat. Ann. § 27-2502 (Repl. 1979) which provides:

> Bases of personal jurisdiction over persons outside this state . . .
> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's
> (a) transacting any business in this State;
> (b) contracting to supply services or things in this State;
> (c) causing tortious injury by an act or omission in this State;
> (d) causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State;
> (e) having an interest in, using, or possessing real property in this State;

(f) contracting to insure any person, property, or risk located within this State at the time of contracting; or

(g) receipt, whether in or out of this State, as a creditor or distributee or one claiming as such, of money or property from an executor, administrator or other personal representative serving under appointment by any probate court of this State.

When jurisdiction over a person is based soley upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

It is true that appellant committed a tortious injury in this State which served as a basis for personal jurisdiction over him in the action for personal injuries, however, this tortious act did not give rise to the cause of action of failure to settle which was an act of Western and not of Franklin. The trial court erred in holding that Franklin's conduct was sufficient to support personal jurisdiction under the long-arm statute.

Appellees argue on appeal that they have personal jurisdiction over appellant because of Ark. Stat. Ann. §§ 27-339.1 (Supp. 1983), 27-341 (Repl. 1979) and 27-342.1 (Repl. 1979). However, Section 27-341 has been superseded, and service on the Secretary of State permitted under Sections 27-339.1 and 27-342.1 was not attempted.

Reversed and dismissed.